IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP - 5 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CLEVE COTTON III, )
individually and on behalf of the class )
defined herein, )
            Plaintiff, )
vs. )
ASSET ACCEPTANCE, LLC, )
           Defendant. )

07CV5005
JUDGE ST.EVE
MAG.JUDGE COLE

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff Cleve Cotton III brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Asset Acceptance, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.    Specifically, plaintiff alleges that Asset Acceptance, LLC systematically engaged in filing and threatening lawsuits on time-barred debts which they purchase for a few cents on the dollar.

### VENUE AND JURISDICTION

4.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

5.    Venue and personal jurisdiction in this District are proper because:

    a.    Defendant's collection communications and activities impacted

1

plaintiff within this District;

b. Defendant does business and is located within this District.

## PARTIES

6. Plaintiff is an individual who resides in the Northern District of Illinois.

7. Defendant Asset Acceptance, LLC is a limited liability company with offices in Michigan. It has offices at 55 East Jackson Blvd., 16th floor, Chicago, IL 60604.

8. Defendant Asset Acceptance, LLC is engaged in the business of purchasing charged-off consumer debts, including telecommunications debts, and enforcing the debts against the consumers.

9. Defendant Asset Acceptance, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

10. Defendant Asset Acceptance, LLC regularly uses the mails and telephones to collect debts.

11. Defendant Asset Acceptance, LLC is the plaintiff in more than 1,000 lawsuits seeking to collect consumer debts.

12. Because the purported obligations were originally owed to other entities and were charged off prior to purchase, Asset Acceptance, LLC is a "debt collector" as defined in the FDCPA.

## FACTS

13. On or about Feb. 26 2007, Asset Acceptance, LLC filed suit against plaintiff Cleve Cotton III in the Circuit Court of Cook County to collect a purported debt for cellular telecommunications services incurred for personal, family or household purposes. A default judgment for $2,373 was entered in June 2007.

14. The suit was filed by Asset Acceptance, LLC as assignee of AT&T, a cellular telecommunications AT&T regulated by the Federal Communications Commission.

15. The charges for which recovery was sought in the lawsuit were more than

2

two years old.

16. The statute of limitations applicable to an action for the recovery of charges by a cellular telecommunications carrier regulated by the Federal Communications Commission is two years, under 47 U.S.C. §415.

17. Section 415 provides:

**Limitations of actions**

**(a) Recovery of charges by carrier. All actions at law by carriers for recovery of their lawful charges, or any part thereof, shall be begun, within two years from the time the cause of action accrues, and not after. . . .**

18. Under federal law, if the statute of limitations bars a claim by an assignor, it also bars a claim by a private (non-governmental) assignee. Greene v. Taylor, 132 U.S. 415, 443 (1889). "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." John O. Schofield, Inc. v. Nikkel, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." Klehm v. Grecian Chalet, Ltd., 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. Coryell v. Klehm, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

19. Defendant Asset Acceptance, LLC regularly files and threatens to file suit on telecommunications debts.

20. Defendant Asset Acceptance, LLC regularly files and threatens to file suit on telecommunications debts that are more than two years old at the time of the filing or threat.

21. Defendant Asset Acceptance, LLC, as a regular collector of cellular telecommunications debts, knew or should have known that the statute of limitations applicable to such debts is two years.

22. Most or all of the lawsuits defendant Asset Acceptance, LLC brings and threatens are of modest amounts.

3

23. As a result, the persons sued cannot economically retain counsel to defend such suits, as doing so would require them to pay an amount comparable to that sought in the lawsuits.

24. Defendant Asset Acceptance, LLC engages in a pattern and practice of filing suit on time-barred debts of modest amounts, knowing that the persons sued could not retain counsel to defend such suits except by paying an amount comparable to that sought in the lawsuits.

### COUNT I – FDCPA – FILING SUIT ON TIME-BARRED DEBTS

25. Plaintiff incorporates paragraphs 1-24.

26. The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f.

27. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt; . . .**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

28. Section 1692f provides:

> **§ 1692f. Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

29. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

30. The class consists of (a) all individuals (b) against whom defendant Asset Acceptance, LLC filed a lawsuit in Illinois, Wisconsin or Indiana (c) to collect a debt for cellular telecommunications services (d) where any of the telecommunications charges antedated the filing of the lawsuit by two years, (e) which lawsuit was pending at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

31. The class is so numerous that joinder of all members is not practicable.

32. On information and belief, there are at least 40 individuals against whom defendant Asset Acceptance, LLC filed a lawsuit in Illinois, Wisconsin or Indiana to collect a debt for cellular telecommunications services where any of the telecommunications charges antedated the filing of the lawsuit by two years, which lawsuit was pending at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

33. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the FDCPA.

34. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

35. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

36. A class action is superior for the fair and efficient adjudication of this matter, in that:

5

  a. Individual actions are not economically feasible.

  b. Members of the class are likely to be unaware of their rights;

  c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

  (1) Appropriate damages;

  (2) Attorney's fees, litigation expenses and costs of suit;

  (3) Such other and further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis Greene
EDELMAN, COMBS, LATTURNER
 & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_/s/ Daniel A. Edelman_
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20318\Pleading\Complaint_Pleading.wpd